# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL WININGER | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-556 |
| | § | Judge Mazzant |
| BANK OF AMERICA, N.A. and | § | |
| SELECT PORTFOLIO SERVICING, | § | |
| INC. | § | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Plaintiff's First Amended Petition (Dkt. #17). The Court, having considered the relevant pleadings, finds that Defendant's motion should be granted.

## BACKGROUND

Plaintiff commenced this lawsuit against Defendant in state court. On August 27, 2014, the Court entered its Order and Advisory, giving Plaintiff an opportunity to file an amended complaint. Plaintiff did not file filed an amended complaint until December 23, 2014, after being ordered by the Court. On February 9, 2015, Defendant Select Portfolio Servicing, Inc. ("SPS") filled a Motion to Dismiss Plaintiff's First Amended Petition (Dkt. #17). No response was filed.

## LEGAL STANDARD

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they

plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the pleadings." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## DISCUSSION AND ANALYSIS

On February 9, 2015, Defendant filed a motion to dismiss (Dkt. #17). No response was filed.

Local Rule CV-7(d) provides as follows:

**Response and Briefing.** The response and any briefing shall be contained in one document. A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. **In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no**

**opposition.** (Emphasis added).

Plaintiff has not filed a response. Since Plaintiff has not filed a response, the Court will assume that he is not opposed to the Court's granting Defendant's motion to dismiss. Furthermore, a review of Defendant's motion illustrates that Plaintiff has no plausible claims against Defendant.

Plaintiff's claims against Defendant in this lawsuit have been previously dismissed with prejudice. Plaintiff first filed a lawsuit against Defendant Bank of America, N.A. ("BANA") on July 15, 2008, in the 429th Judicial District Court of Collin County, Texas, bearing cause number 429-02026-2008 (the "First Lawsuit"). In the First Lawsuit, Plaintiff complained that BANA breached an alleged loan modification agreement. After nearly four years of litigation, Plaintiff and BANA reached a settlement in the First Lawsuit, which was entered as an order of the court on August 22, 2012 (the "Agreed Order"). Plaintiff filed a second lawsuit against BANA on December 31, 2012, in the 429th District Court, bearing Cause No. 429-0945-2012 (the "Second Lawsuit"). In the Second Lawsuit, Plaintiff also joined SPS as a party and asserted the same claims that he asserts in this lawsuit. Plaintiff then alleged that neither BANA nor SPS implemented the terms of the Agreed Order, and that SPS attempted to collect on a "non-existent arrearage" of over $82,000. Plaintiff further alleged that SPS failed to correct the amount due under his loan and improperly reported those incorrect amounts to the credit bureaus. In relation to his claims, Plaintiff asserted causes of action for breach of contract and violations of the Texas Debt Collection Act ("TDCA").

SPS filed its Traditional and No-Evidence Motions for Summary Judgment in the Second Lawsuit on June 2, 2014. On July 24, 2014, the Court issued an Order (the "Second Lawsuit Order") granting both the Traditional and No-Evidence Motions for Summary Judgment and dismissing all of Plaintiff's claims against SPS with prejudice. On that same day, Plaintiff filed the current lawsuit.

4

In this lawsuit, Plaintiff has alleged the same facts that formed the basis of the Second Lawsuit.

Claim preclusion or res judicata is a principle that insures the finality of judgments and conserves judicial resources and protects litigants from multiple lawsuits. *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citation omitted).

"Under Texas law, three elements must be satisfied in order for res judicata to be appropriate: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.'" *Carrasco v. City of Bryan, Tex.*, No. H–11–662, 2012 WL 950079, at *3 (S.D. Tex. March 19, 2012) (quoting *Berkman v. City of Keene*, No. 3:10-cv-2378-B, 2011 WL 3268214 (N.D. Tex. 2011)). The claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action. *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (citation omitted).

Both Plaintiff and SPS were parties to the Second Lawsuit. The judgment was rendered by a court of competent jurisdiction because it was rendered by the court in the 429th Judicial District Court of Collin County, Texas. Plaintiff's claims were dismissed with prejudice, which is considered a final judgment on the merits for purposes of res judicata. The same claims or causes of action are involved in this lawsuit. Both the Second Lawsuit and the current lawsuit are premised on the same nucleus of operative facts. In both lawsuits, Plaintiff complains of the alleged failure of BANA and SPS to implement the settlement terms set forth in the Agreed Order. Plaintiff has not alleged any facts that were not at issue in the Second Lawsuit. Because the Second Lawsuit and the

current lawsuit relate to the same nucleus of operative facts, res judicata bars all of Plaintiff's claims against SPS.

The Court has reviewed the motion to dismiss and finds that Defendant's motion to dismiss should be granted. Plaintiff fails to allege any facts that would make any of his claims plausible.

It is therefore **ORDERED** that Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Plaintiff's First Amended Petition (Dkt. #17) is hereby **GRANTED** and Plaintiff's claims against Defendant are **DISMISSED** with prejudice.

All motions not previously granted are hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil case.

**SIGNED this 14th day of April, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE